<div style="border: 1px solid black;">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0391-23

VALLEY NATIONAL BANK,

    Plaintiff,

v.

ENCORE LED LIGHTING, LLC,

    Defendant-Appellant,

and

WILLIAM DATO,

    Defendant,

and

ENEL X WAY USA, LLC,

    Defendant-Respondent.

_____

Submitted June 3, 2024 – Decided July 26, 2024

Before Judges Gilson and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1202-23.

James M. Cutler, attorney for appellant.

Colella Zefutie LLC, attorneys for respondent Enel X Way USA, LLC (Anthony J. Laura and John J. Zefutie, of counsel and on the brief).

PER CURIAM

The issue on this appeal is whether the Law Division correctly compelled arbitration of crossclaims between two defendants. Defendant Encore LED Lighting, LLC (Encore) appeals from a provision in an August 25, 2023 order compelling to arbitration Encore's crossclaims against defendant Enel X Way USA, LLC (Enel).

Encore and Enel are parties to a distribution agreement that contains an arbitration provision. Encore does not dispute that the arbitration provision is valid. Nor does Encore dispute that its claims against Enel fall within the ambit of the arbitration provision. Instead, it argues that the arbitration provision should not be enforced because there are overlapping claims between it and its bank, Valley National Bank (VN Bank), and between VN Bank and Enel. So, Encore contends it would violate the public policy against piecemeal litigation to enforce the arbitration provision given those other claims.

We reject Encore's argument because it is inconsistent with the governing Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. The FAA is clear in

2

mandating that arbitration provisions should be enforced and non-arbitrable claims should either be stayed or proceed separately. We, therefore, affirm the provision of the August 25, 2023 order compelling Encore's crossclaims against Enel to arbitration. We remand, however, and direct the Law Division to enter an amended order staying the crossclaims and all non-arbitrable claims pending the completion of the arbitration.

## I.

The Law Division action involves disputes among Encore, Enel, and VN Bank. All those disputes arise out of Encore's purchases of products from Enel and its attempt to distribute those products. We discern the relevant facts from the record developed on motions and cross-motions filed by the three parties.

Encore is a New Jersey limited liability company that sells and installs LED lighting systems. Encore, doing business as Encore Energy Group, also sells and distributes charging equipment for electric vehicles. William Dato is Encore's sole and managing member.

Enel is a provider of "electric vehicle supply equipment[,] . . . services, and technology" to "both residential and commercial customers." Enel is a Delaware corporation with its principal place of business in California.

3

In June 2021, Dato, on behalf of Encore, applied for a $250,000 line of credit with VN Bank. VN Bank offered Encore a line of credit in the amount of $150,000, and Encore accepted. VN Bank and Encore then executed a "Commercial Revolving Line of Credit Note and Agreement" (the Credit Agreement). VN Bank and Encore also executed a Security Agreement in connection with the line of credit. Under the Security Agreement, Encore granted VN Bank a security interest in all its assets and pledged those assets as collateral for any loans taken under the line of credit. VN Bank and Dato also signed an "Unlimited Guaranty," under which Dato personally guaranteed all of Encore's obligations to VN Bank. The Unlimited Guaranty also contained an indemnity clause, stating that Dato agreed to:

> [I]ndemnify and hold [VN Bank] . . . harmless from and against all claims, obligations, demands and liabilities, by whomsoever asserted, and against all losses in any way suffered, incurred or paid as a result of or in any way arising out of or following or consequential to transactions with [Encore], except for any claim arising out of the gross negligence or willful misconduct of [VN Bank].

The Unlimited Guaranty also stated that it would apply to all future agreements between Encore and VN Bank.

In September 2021, Encore contacted Enel seeking to establish a business relationship, through which it would purchase and then distribute Enel's electric

A-0391-23

vehicle service equipment. Enel required prospective distributors to establish a credit limit with Enel before they could begin submitting purchase orders for Enel's equipment. Accordingly, Dato, on behalf of Encore, applied for commercial credit with Enel, seeking credit for Encore in the amount of $500,000. The application required a bank reference, and Dato provided the information for his contact at VN Bank. Enel approved an initial credit limit of $100,000, and, thereafter, Encore began purchasing Enel's electric vehicle charging equipment. In a relatively short period of time, Encore exceeded its credit limit, and Enel refused to fulfill additional orders until it approved an increase in Encore's credit limit.

In December 2021, Dato sent a text message to his contact at VN Bank asking for a letter stating that Encore had a line of credit with VN Bank in the amount of $650,000 or $700,000. Specifically, that message read:

> I'm trying to secure this deal to get the [electric vehicle] rates [sic] for Florida. Since we already have a $150,000 line of credit and [another representative at VN Bank] is opening up at [sic] $500,000 account maybe you could send us a letter that basically says Encore LED [L]ighting has a 650 or $700,000 line of credit? It's just a letter it's not going to be used in any binding capacity at all. Just helping me buy the rights to Florida. Thanks.

5

VN Bank supplied Dato with the requested letter, which Dato then submitted to Enel.[1]

In January 2022, Dato, on behalf of Encore, applied to VN Bank to increase Encore's line of credit from $150,000 to $250,000. VN Bank approved the application and increased Encore's line of credit to $250,000. In connection with that increase, Encore and VN Bank executed a Modification Agreement. The Modification Agreement stated that Encore agreed to "indemnify, defend and hold [VN Bank] . . . harmless against any claim brought or threatened" against VN Bank "on account of [VN Bank's] relationship with [Encore] . . . except for any claim arising out of the gross negligence or willful misconduct of [VN Bank]." Encore also granted VN Bank a continuing lien and security interest in all deposits Encore had with VN Bank and the right to set off Encore's deposits if necessary to satisfy Encore's obligations to VN Bank.

Meanwhile, on April 1, 2022, Encore and Enel entered into a Distribution Agreement, under which Encore could purchase electric vehicle charging stations, software, and services from Enel and then distribute them. The Distribution Agreement stated that it was governed by Massachusetts law.

---

[1] VN Bank now contends that Dato engaged in fraud to obtain this letter.

A-0391-23

The Distribution Agreement also included an arbitration provision, which stated that any disputes between Encore and Enel arising out of or relating to the Distribution Agreement would be resolved by binding arbitration. In that regard, the arbitration provision stated:

> Except for disputes relating to intellectual property infringement, and without limiting the rights of either Party to seek injunctive relief in a court of law, any disputes between the Parties arising out of or relating to this [Distribution] Agreement shall be resolved by a single arbitrator in binding arbitration in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association. . . . The arbitration shall take place in Boston, Massachusetts, or another location as mutually agreed upon by the Parties. . . . The decision rendered by the arbitrator shall be final and binding on the Parties, and judgment may be entered in conformity with the decision in any court having jurisdiction. The agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

Later that same month, Dato asked his contact at VN Bank to provide him with a letter stating that Encore had a line of credit with VN Bank in the amount of $1.5 million. On April 19, 2022, VN Bank supplied the requested letter to Dato, who then provided the letter to Enel.[2]

---

[2] VN Bank also contends that Dato engaged in fraud to obtain this letter.

A-0391-23

A year later, on April 26, 2023, VN Bank sent Encore and Dato a letter stating that it was terminating Encore's line of credit, effective that day. VN Bank informed Encore and Dato that any provision of the parties' agreements that permitted further borrowing were also canceled, and that VN Bank reserved all its rights and remedies, as well as its security interest in all assets granted as collateral.

Shortly thereafter, on May 2, 2023, Enel sent a letter to VN Bank asserting that Encore had failed to pay almost $1.4 million that it owed to Enel. Enel contended that it had extended credit to Encore based on the letters VN Bank had provided, and that it was prepared to pursue claims against VN Bank for the bank's "fraudulent conduct" if the debt was not paid by May 9, 2023.

That same day, VN Bank sent a letter to Encore demanding that Encore indemnify VN Bank against Enel's claims and any litigation Enel might initiate. VN Bank also demanded that Dato indemnify VN Bank if Encore failed to do so. The next day, Encore sent a letter in response to VN Bank and rejected VN Bank's request for indemnification.

On May 3, 2023, VN Bank filed a complaint in the Law Division against Enel, Encore, and Dato. VN Bank asserted claims of breach of contract against Encore and Dato, and it sought specific performance of the Modification

8

Agreement and the Unlimited Guaranty. VN Bank also sought declaratory judgments that (1) Encore and Dato were required to indemnify VN Bank against claims by Enel; (2) Encore's failure to indemnify VN Bank was a breach of the Modification Agreement; (3) Dato's failure to indemnify VN Bank was a breach of the Unlimited Guaranty; and (4) VN Bank had the right to set off the funds in Encore's deposit accounts "in an amount sufficient to indemnify and defend [VN Bank] against the claims threatened by Enel."

In response to that complaint, Encore and Dato applied for an order to show cause with temporary restraints seeking to compel VN Bank to allow them to access their accounts and line of credit at VN Bank. The Law Division denied that request for temporary restraints shortly after it was filed.

In June 2023, Encore and Dato filed an answer and asserted counterclaims against VN Bank and crossclaims against Enel. In their crossclaims, Encore and Dato sought specific performance of an alleged "Settlement Agreement." According to Encore and Dato, Enel had agreed to allow Encore to return approximately half of the $1.3 million it had in unsold products it had purchased from Enel. Encore and Dato also alleged claims against Enel for breach of the implied covenant of good faith and fair dealing and misrepresentations.

A-0391-23

That same month, on June 27, 2023, Enel filed a complaint against VN Bank in federal court in the United States District Court for the District of New Jersey. In its federal action, Enel asserted that VN Bank had engaged in fraud, negligent misrepresentation, civil conspiracy, and aiding and abetting fraud.

The day after filing that federal action, Enel moved in the Law Division to dismiss VN Bank's complaint. It also moved to either dismiss Encore and Dato's crossclaims or stay the crossclaims while they were compelled to arbitration under the Distribution Agreement.

Shortly thereafter, on July 5, 2023, VN Bank filed a cross-motion seeking to amend its complaint to add an additional claim against Dato and to add claims for additional declaratory judgment relief.

After hearing oral argument on those motions, on August 25, 2023, the Law Division entered an order that (1) granted Enel's motion and dismissed without prejudice the complaint against Enel; and (2) compelled Encore's crossclaims against Enel to arbitration. In support of that order, the court issued a written statement of reasons, where it ruled that VN Bank's complaint did not state a basis for declaratory judgment relief against Enel. The court, therefore, explained that VN Bank's claims against Enel were being dismissed "without prejudice." The court also ruled that the claims between Enel and Encore had

A-0391-23

to be arbitrated in accordance with the arbitration provision in the Distribution Agreement. Finally, although the court did not include it in its order, the court granted in part VN Bank's motion to amend its complaint against Dato. Shortly thereafter, VN Bank filed an amended complaint adding an additional claim against Dato. The Law Division order did not stay the claims by VN Bank against Encore and Dato pending the arbitration of Encore's crossclaims against Enel.

As permitted by Rule 2:2-3(b)(8), Encore now appeals from the provision in the August 25, 2023 order compelling its crossclaims against Enel to arbitration. VN Bank has not sought leave to appeal from the provision of the order that dismissed its claims against Enel.

II.

On appeal, Encore argues that the order compelling arbitration of its crossclaims against Enel violates the public policy against piecemeal litigation. In that regard, it contends that the claims to be arbitrated, the remaining claims in the Law Division, and the claims in the federal action all concern overlapping or similar factual and legal issues. Accordingly, Encore contends that the arbitration could result in inconsistent findings and rulings, and, therefore, the arbitration provision should not be enforced. Encore also argues that staying

11

the remainder of the claims in the Law Division until the arbitration is complete is not a viable solution because it would delay a determination of whether VN Bank is liable to Enel and could lead to additional delays and expenses.

## A.

We review orders compelling or denying arbitration de novo "because the validity of an arbitration agreement presents a question of law." Ogunyemi v. Garden State Med. Ctr., 478 N.J. Super. 310, 315 (App. Div. 2024); see also Antonucci v. Curvature Newco, Inc., 470 N.J. Super. 553, 560 (App. Div. 2022) (explaining that "[t]he interpretation of an arbitration agreement and its enforceability are questions of law" that are reviewed de novo). Where only some claims in a lawsuit are compelled to arbitration, the decision on whether to stay the remainder of the proceedings pending arbitration is generally "a matter of discretion." Elizabethtown Water Co. v. Watchung Square Assocs., LLC, 376 N.J. Super. 571, 577 (App. Div. 2005).

## B.

In their Distribution Agreement, Encore and Enel agreed to arbitrate all disputes related to the Distribution Agreement. The Distribution Agreement involves business and transactions affecting interstate commerce, and, therefore,

it is governed by the FAA. 9 U.S.C. §§ 1, 2; see also McInnes v. LPL Fin., LLC, 994 N.E.2d. 790, 794 (Mass. 2013). Section two of the FAA states:

> A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . .
>
> [9 U.S.C. § 2.]

The transactions between Encore and Enel involve interstate commerce. Encore is based in New Jersey, and Enel is a Delaware corporation with its principal place of business in California. Moreover, the Distribution Agreement expressly states that Encore's territory to distribute Enel's products is the entire United States.

Although the Distribution Agreement states that Massachusetts law governs, the FAA still applies to the arbitration provision included in the Distribution Agreement. See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 58-59 (1995). In Mastrobuono, the United States Supreme Court held that a generic choice of law clause that provides that a certain state's law governs the entire contract does not displace the FAA. Ibid. In that regard, "the

FAA protects arbitration agreements involving interstate commerce." Antonucci, 470 N.J. Super. at 564 (citing Volt Info. Scis., Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., 489 U.S. 468, 476 (1989)).

Under the FAA, arbitration is a creature of contract. 9 U.S.C. § 2; Rent-A-Center, W., Inc. v. Jackson, 561 U.S. 63, 67 (2010). In determining whether a matter should be submitted to arbitration, a court must evaluate (1) whether a valid agreement to arbitrate exists, and (2) whether the dispute falls within the scope of the agreement. See AT & T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649-50 (1986).

Encore does not dispute that the arbitration clause in the Distribution Agreement is valid. Encore also does not dispute that its crossclaims against Enel arise out of or relate to the Distribution Agreement. Indeed, a review of the crossclaims makes it clear that Encore is complaining about its purchases of equipment from Enel, and those purchases were made under the Distribution Agreement. In short, the arbitration clause applies to Encore's crossclaims against Enel.

As already noted, Encore argues that because the issues raised in its crossclaims against Enel overlap with claims raised by VN Bank in the Law Division and the claims raised by Enel in the federal action, it was an error for

A-0391-23

the trial court to compel arbitration. We disagree. Where an arbitration clause is enforceable and claims are sent to arbitration, the FAA requires the court to stay the legal action pending arbitration. 9 U.S.C. § 3. If that legal action "presents multiple claims, some arbitrable and some not," the United States Supreme Court has held that "the former must be sent to arbitration even if this will lead to piecemeal litigation." KPMG LLP v. Cocchi, 565 U.S. 18, 19 (2011). We have also held that a stay of claims between parties to a litigation where other claims are compelled to arbitration is warranted where there is "significant overlap . . . between parties and issues." Perez v. Sky Zone LLC, 472 N.J. Super. 240, 251 (App. Div. 2022). In that regard, we explained:

> Although not mandatory, when significant overlap exists between parties and issues, claims against parties who have not agreed to arbitrate should be stayed pending the arbitration. In other words, the arbitration agreement must be enforced notwithstanding the presence of other persons who are not parties to the [a]greement.
>
> [Ibid. (citations omitted).]

In summary, Encore and Enel have a valid and enforceable arbitration agreement, so it must be enforced notwithstanding the presence of other entities who are not parties to the arbitration agreement. Consequently, the Law

A-0391-23

Division was correct in compelling arbitration of Encore's crossclaims against Enel.

The Law Division did err in failing to stay Encore's crossclaims against Enel. The FAA provides that a party may request a stay of a court action that has been commenced if that action involves "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3; see also Alfano v. BDO Seidman, LLP, 393 N.J. Super. 560, 566, 577 (App. Div. 2007) (holding that "[u]nder [9 U.S.C. § 3] the court must stay an arbitrable action pending its arbitration" after one of the parties applied for a stay). Accordingly, we remand with direction that the trial court enter an amended order staying the crossclaims pending the resolution of the arbitration proceedings. We also direct that the claims between Encore and VN Bank in the Law Division be stayed pending the arbitration because they substantially relate to the claims between Encore and Enel. We obviously make no ruling concerning staying the federal action between Enel and VN Bank, as that is a matter for the federal court to decide. Finally, because the dismissal of VN Bank's claims against Enel is not before us, we do not address the provision of the order that dismissed those claims without prejudice.

A-0391-23

Affirmed in part and remanded for the entry of an amended order consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION